UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY REEB,

                Petitioner,           **DECISION AND ORDER**
-vs-                                      **No. 07-CV-0409(VEB)**

R.K. WOODS,

                Respondent.
_____

**I.    Background**

By a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254,[1] petitioner *pro se* Gary Reeb ("Reeb" or "petitioner") challenges the constitutionality of his state custody pursuant to a judgment of conviction, following a guilty plea, to one count of criminal sale of a controlled substance in the third degree. Reeb was sentenced, as promised during his plea colloquy, to an indeterminate term of 6 to 12 years. As part of the plea agreement, Reeb agreed to waive his appellate rights.

On direct appeal to the Appellate Division, Fourth Department, of New York State Supreme Court, Reeb argued that his sentence was unduly harsh and excessive and should be modified in the interests of justice. The Fourth Department rejected that argument and unanimously affirmed his conviction. Leave to appeal to the New York Court of Appeals was denied. *People v. Reeb*, 28 A.D.3d 1188 (App. Div. 4th Dept. 2006), *lv. denied*, 7 N.Y.3d 793 (N.Y. 2006). Petitioner's leave application presented only the question of whether his waiver of appellate rights was valid, which had not been contested on appeal to the intermediate appellate

---

[1]    The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

court (the Fourth Department).

Reeb subsequently brought a motion to set aside his sentence as illegal pursuant to New York Criminal Procedure Law ("C.P.L.") 440.20, in which he asserted the following grounds: (1) the "prosecutor failed to inform [sic] the court of a more lenient sentence"; 2) the "judge brought up a conviction in SF [sic] and stated the victim was under the age of 14 yrs old when she was 24 yrs old"; (3) the "prosecutor brought up a 30 yr old drug conviction"; (4) the "judge was biased throughout the entire case and gave a harsh sentence"; 5) "[he] was arrested for a B-felony and never given a lesser felony plea"; 6) the "sentencing court disregarded [his] right to allocution [sic]"; 7) "[his] sentence as a 2nd felony offender was a violation of [his] constitutional rights as last [sic] conviction wasn't the same type of crime"; 8) "[his] lawyer did not represent [him] effectively at trial or throughout the case . . . ." The trial court denied the motion in accordance with the express terms of C.P.L. § 440.20, finding that petitioner's arguments patently failed to establish that his sentence was illegal, invalid or otherwise unauthorized by law. Petitioner attempted to file an application for leave to appeal from the denial, but his application was rejected and petitioner did not file any further applications seeking leave to appeal.

In his petition, Reeb asserts four grounds for habeas relief. Respondent argues that the claims are either unexhausted and procedurally defaulted, or not cognizable because they do not present a federal constitutional question. For the reasons that follow, the Court agrees with respondent that Reeb's petition should be dismissed.

## II. Discussion

### A. Ground One: Failure of the state courts to apply an amendment to a state sentencing law that would have reduced the degree of felony to which he pleaded guilty

In support of Ground One, Reeb submits the following allegations: "Arrested for a B-felony sentenced to a B felony and pleaded out for lighter sentence. I never got under a new amended law it states if arrested for any type of felony and bypass trial defendant is entitled to a lesser degree felony. I was never given a lesser charge for my plea that was broke [sic] from 4 ½ to 9 or any other action." Petition, ¶22(A) (Docket No. 1). Reeb does not specify the state law in question here. Most important, he has not cited any federal constitutional provision or Supreme Court precedent that purportedly was violated. A federal habeas court does not sit to correct errors of state law only; rather, a habeas court's review is limited to determining whether the proceedings in state court amount to a violation of federal constitutional rights. *E.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a). The allegations in Ground One, to the extent that they can be deciphered, assert, at most, a violation of an unidentified state law. Accordingly, Ground One must be dismissed because it does not present a federal constitutional question amenable to habeas review.

**B.  Ground Two: Denial of state statutory right to appear before the grand jury**

In support of Ground Two, Reeb states, "I was never allowed to be present at my grand jury 190.25 [sic] according to [C.P.L. §] 190.25 it states I should be allowed to be called as my own defense and never was asked. Constitutional rights violated." Petition, ¶22(B) (Docket No. 1).

This claim is not "cognizable on federal habeas review because a defendant's right to testify before the grand jury is not a federal constitutional right; rather, it is a statutorily created right in New York." *Lucius v. Filion*, 431 F. Supp.2d 343, 346 (W.D.N.Y. 2006) (Bianchini, M.J.) (citing N.Y. CRIM. PROC. LAW § 190.50(5)(a) ("When a criminal charge against a person is

being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent."). As the New York Court of Appeals has explained, a "defendant's right to appear as a witness before the Grand Jury, in contrast to his Sixth Amendment constitutional right to submit evidence on his own behalf at trial, is derived exclusively from statute[.]" *People v. Smith*, 87 N.Y.2d 715, 724, 642 N.Y.S.2d 568, 665 N.E.2d 138 (N.Y.1996) (citing N.Y. CRIM. PROC. LAW § 190.50(5)); *see also id.* (noting that "defendants enjoyed no legal right to appear before the Grand Jury until the Legislature authorized it in 1940[.]") (citing Preiser, PRACTICE COMMENTARIES, MCKINNEY'S CONS.LAWS OF N.Y., Book 11A, N.Y. CRIM. PROC. LAW § 190.50, at 284; L. 1940, ch. 643).

Moreover, Reeb has not indicated what he would have said to the grand jury to prevent that body from indicting him for drug-related offense. Thus, he has not shown how he was prejudiced by not appearing before the grand jury. *See Hutchings v. Herbert*, 260 F. Supp.2d 571, 578 & n. 2 (W.D.N.Y.2003) (Larimer, D.J.) (By failing to show "what he would have told the grand jury that would have prevented his indictment," petitioner "failed to demonstrate any prejudice from the alleged failure of his attorney to ensure an opportunity for him to testify before the grand jury.") (citations omitted).

Indeed, given Reeb's extensive criminal history, it would have been a sound tactical choice on trial counsel's part to recommend that Reeb not testify in the grand jury since doing so would expose him to cross-examination about prior criminal misconduct. New York's legislature

has "expressly provided that the statutory right is conditioned upon the defendant's willingness to waive the privilege against self-incrimination and subject himself to cross-examination by the District Attorney[.]" *People v. Smith*, 87 N.Y.2d 715, 724, 642 N.Y.S.2d 568, 665 N.E.2d 138 (N.Y.1996) (dissenting opn.) (citing N.Y. CRIM. PROC. LAW §§ 190.50(5)(b); 190.45(4); *People v. Evans*, 79 N.Y.2d at 413-14, 583 N.Y.S.2d 358, 592 N.E.2d 1362; *People v. Corrigan*, 80 N.Y.2d 326, 332, 590 N.Y.S.2d 174, 604 N.E.2d 723 (N.Y.1992)). Notably, a defendant who agrees to testify in the grand jury cannot limit the scope of cross-examination except upon agreement of the district attorney, who is statutorily authorized to fully question a defendant choosing to testify on relevant matters, including his credibility. *Id.* (citing N.Y. CRIM. PROC. LAW §§ 190.50(5)(b); 190.45(4)).

Finally, the Court notes that cases in this Circuit have held that a petitioner's "guilty plea cured any defect in the grand jury proceeding caused by the State's alleged failure to give [petitioner] an opportunity to appear before that body." *Hutchings v. Herbert*, 260 F. Supp.2d at 578 & n. 2 (holding that "[i]t necessarily follows as a matter of law that [petitioner] cannot establish that any errors made by his trial attorney with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Sixth Amendment violation").

In sum, Reeb's claim that he was denied his right to testify before the grand jury is not cognizable on federal habeas review because the right to testify before the grand jury is not a matter of federal constitutional law, and only violations of federal constitutional rights are valid bases for habeas relief. *Accord*, *e.g.*, *Lucius v. Filion*, 431 F. Supp.2d at 346 (dismissing as not cognizable a claim by a habeas petitioner that he was erroneously denied his New York state statutory right to testify before the grand jury) (citing 28 U.S.C. § 2254(a) (permitting federal

habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Estelle v. McGuire*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

    **C.    Ground Three: Violation of Fourth Amendment right to be free from unreasonable searches and seizures**

In support of Ground Three, Reeb asserts, "I was never shown any warrant at my home or at the Tonawanda Police Dept. Illegal search and seizure applies under this cite [sic]. Warrantless entry at home is unconstitutional." Petition, ¶22(C) (Docket No. 1). As an initial matter, this claim appears to be unexhausted. As respondent points out, a Federal court will not entertain a habeas corpus petition from a state prisoner unless the prisoner has exhausted state court remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); *see also*, *e.g.*, *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner must exhaust his judicial remedies with regard to each claim that he seeks to assert in a federal habeas proceeding, and federal courts will not consider constitutional challenges that have not been "fairly presented" to the state courts. *E.g.*, *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) (citations omitted). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" *Id.* at 294-95 (citation omitted). A habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A 'complete round,' [*O'Sullivan*, 526 U.S. at 845]., requires that the petitioner must 'present[ ] his [or her] claim to the highest court of the state.'" *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (quoting *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir.2000) (alterations in *Galdamez*). "The petitioner must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." *Galdamez*, 394 F.3d at 73 (citing *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir.1997)).

Here, Reeb's Fourth Amendment claim was never raised in any state court proceeding. Indeed, such a Fourth Amendment claim would have been included as part of the appellate rights waiver to which Reeb committed during his plea bargain. This Fourth Amendment claim may be deemed exhausted because Reeb has no avenues in state court by which to seek redress at this point, since he has used the one direct appeal to which he is entitled and if the claim were raised in a C.P.L. § 440.10 motion, it would be denied mandatorily because it could have been, but unjustifiably was not, raised on direct appeal. The procedural rules that give rise to the constructive exhaustion of this claim also create a procedural default, which Reeb cannot overcome since he cannot demonstrate cause and prejudice, or that a fundamental miscarriage of justice would occur should this Court decline to hear the claim. *See*, *e.g.*, *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991) ("[The] forfeiture in state court of [the Fourth Amendment claim not raised before the New York Court of Appeals] bars [the petitioner] from litigating the merits of [this] claim[ ] in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom. Petitioner makes no showing of cause or of prejudice. The [claims not raised before the Court of Appeals] must therefore be dismissed without reaching the

merits.") (citing *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 2506-2509 (1977)).

Furthermore, and perhaps most important, even if the Fourth Amendment claim had been raised in state court, it nevertheless would not be cognizable in this federal habeas proceeding under the doctrine of *Stone v. Powell*, 428 U.S. 465, 471-72 (1976). since Reeb had the *opportunity* to fully and fairly litigate the claim in state court. Accordingly, Ground Three must be dismissed as being subject to an unexcused procedural default, as well as being barred pursuant to *Stone v. Powell*.

**D.       Ground Four: Bias on the part of the sentencing judge and prosecutor**

Reeb alleges in support of Ground Four,"[The] Judge and D.A. were bias[ed] and brought up my arrest record that had over 20 alleged arrests dismissed but not sealed. I did manage to seal and dispose of over 20 past arrests and sealed [sic] CPL 160.50 which judge did use to sentence me but didn't read the dispositive [sic] side [sic] which most were dismissed but not sealed. I have them all sealed and expunged." Petition, ¶22(D) (Docket No. 1).

As an initial matter, to the extent these allegations can be read as stating a comprehensible claim, it is unexhausted because it was raised only in Reeb's C.P.L. § 440.20 motion, which is not a proper vehicle for exhausting a claim relating to alleged misconduct by the trial court and the prosecutor. *See Padilla v. Keane*, 331 F. Supp.2d 209, 216) (S.D.N.Y. 2004) ("Padilla's most recent application for state court review, the 2001 motion to vacate his *sentence* pursuant to CPL § 440.20, was an improper vehicle for his ineffective assistance [of trial counsel] claim . . . . As discussed above, the failure to fully exhaust all claims raised prior to filing a federal habeas petition generally mandates dismissal.") (citing 28 U.S.C. § 2254(b)(1);

*Ayala v. Speckard*, 89 F.3d 91, 94 (2d Cir.1996) (quoting *Picard v. Connor*, 404 U.S. at 275) ("[F]ederal courts will not consider a constitutional challenge that has not first been 'fairly presented' to the state courts.")).

Furthermore, it does not appear that Reeb has alleged any violation of federal constitutional law, let alone state law. At most, Reeb seems to be alleging a violation of C.P.L. § 160.50; however, that statute does not implicate a defendant's federal or state constitutional rights:

> Th[e] "sealing and expunging provisions" are set forth in CPL § 160.50, which requires, *inter alia*, that court records of the dismissed proceeding be sealed and that the police and/or "the division of criminal justice services" destroy or return all photographs, palmprints and fingerprints relating to the dismissed proceedings. CPL § 160.50(1). *These provisions, however, are not constitutionally mandated*. In 1991, the New York Court of Appeals reviewed the legislative history of CPL § 160.50 and related, contemporaneous legislation and concluded that "[a] defendant has no inherent or constitutional right to the return of photographs, fingerprints or other indicia of arrest where charges are dismissed." *People v. Patterson*, 78 N.Y.2d 711, 715, 579 N.Y.S.2d 617, 618, 587 N.E.2d 255 (1991). Four years later, the New York Court of Appeals reaffirmed the holding in *Patterson*, stating that *"a violation of CPL § 160.50 does not implicate constitutional considerations." Charles O. v. Constantine*, 85 N.Y.2d 571, 575, 626 N.Y.S.2d 992, 994, 650 N.E.2d 839 (1995) (internal quotations omitted).

*Walls v. New York City Police Dept.*, No. 05-CV-2200 (DLI), 2005 WL 1861629, at *3 (E.D.N.Y. July 29, 2005) (emphases supplied); *see also United States v. Jakobetz*, 955 F.2d 786, 802 (2d Cir.) ("There is no authority to indicate that [the defendants'] constitutional rights have been violated. At most, [the defendants] may be able to argue that a New York court violated a statutory right under New York law. *Cf.* N.Y. CRIM. PROC. LAW § 160.50."), *cert. denied*, 506 U.S. 834 (1992); *accord Walls*, 2005 WL 1861629, at *4 (dismissing civil rights claim brought under 42 U.S.C. § 1983 because an alleged violation of C.P.L. § 160.50 does not state a colorable

constitutional claim).

For the foregoing reasons, Ground Four must be dismissed because it is subject to an unexcused procedural default and it fails to present a federal constitutional claim amenable to habeas review.

## III. Conclusion

For the reasons set forth above, Gary Reebs's request for a writ of habeas corpus is denied and the petition is dismissed. Because Reeb has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:   November 2, 2010
         Buffalo, New York